LILES, WOODIE A. (Retired), Associate Judge.
The employer/carrier appeals a workers’ compensation order contending, among other things, that the deputy commissioner erred in merging the claimant’s compensa-ble orthopedic injury with his nervous and coronary conditions. After carefully reviewing the record, we agree and reverse.
On May 11, 1976, the claimant suffered a compensable injury to his right shoulder, right arm, lower back and right leg while trying to get some 70-pound coin collectors down off a rack. Viewed in the light most favorable to the claimant, the record also reveals that he had pre-existing nervous and coronary problems. He testified that he had developed anxiety due to on-the-job harassment in 1974. He further averred that in 1974 he had also developed coronary problems which were mistakenly diagnosed as gout and/or stomach problems. In any event, he returned to work after his orthopedic injury on May 17, 1976, and went back to his regular duties approximately one week later. However, on September 9, 1976, he developed an anxiety neurosis which he attributed to on-the-job harassment. This, he says, forced him to cease working, and he has not returned to work since that time. Several months later, in January, 1977, his coronary problems were properly diagnosed as such, and he has been undergoing suitable treatment for them since that time.
Merger results from a showing that the subsequent compensable injury either enhances or is enhanced by a pre-exist-ing condition to cause pain, loss of efficiency, or other involvement of a portion of the body which is not within the scope of the disability caused independently by the subsequent injury. See Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209 (Fla. 1974); Division of Corrections v. Smith, IRC Order 2-3362 (February 22, 1978). Here, however, there is no evidence whatsoever that the claimant’s coronary and nervous conditions were aggravated or accelerated by his compensable orthopedic injury, or that the subsequent orthopedic injury is itself enhanced by his pre-existing conditions. In fact, claimant himself admits there is no relationship between his orthopedic problems and his coronary and nervous conditions. Thus, it follows that only the independent progression of these conditions after the accident was affecting the claimant at the time of the award. See Poston Bridge & Iron v. Newcombe, IRC Order 2-3363 (February 22, 1978), cert. denied, 365 So.2d 713 (Fla.1978). Therefore, the deputy commissioner erred in finding a merger and in awarding him permanent total disability benefits. Our resolution of this issue disposes of the claimant’s cross-appeal.
The employer/carrier also argues, and the claimant agrees, there is no compe *1255 tent, substantial evidence to support the deputy commissioner’s finding that Dr. Johns’ examination was necessary for a determination of the claimant’s injuries and, therefore, the responsibility of the employer/carrier. Accordingly, this provision is stricken from the deputy commissioner’s order. We find no merit in the remaining issue on appeal.
AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings consistent with this opinion.
SHIVERS and WENTWORTH, JJ., concur.